IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SANG T. HUYNH, Individually and doing business as Furniture 4 U, et al.,<br><br>    Defendants.<br>_____/ | No.  CIV S-08-1189 JAM DAD<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter came before the court on April 3, 2009, for hearing on plaintiff's motion for default judgment. (Doc. No. 10.) Attorney Scott N. Johnson appeared on his own behalf. No appearance was made on behalf of any of the defendants. Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted.

**PROCEDURAL BACKGROUND**

Plaintiff Scott Johnson initiated this action under Title III of the Americans with Disabilities Act (ADA) and California Civil Code §§ 51 and 52, by filing his complaint on May 30, 2008.  Plaintiff's complaint seeks damages, costs of suit including attorney fees (if incurred) and

1

injunctive relief. Despite being served with process, defendants Sang T. Huynh, Surinder S. Sanghera and Baljinder K. Sanghera have failed to appear in this action. Pursuant to plaintiff's request, the Clerk of the Court entered default against defendants on September 2, 2008. (Doc. No. 8.) Plaintiff filed the instant motion, noticing it to be heard before the undersigned pursuant to Local Rule 72-302(c)(19). Despite being served with all papers filed in connection with the motion (Doc. No. 10), there was no opposition filed nor appearance made on behalf of defendants.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing. See Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).

---

[1] While the defendants in this case were served by plaintiff with both the Clerk's entry of default and the motion for entry of default judgment, such service generally is not required. See Fed. R. Civ. P. 55(b)(2) (requiring that written notice of an application for default judgment be served upon the party against whom judgment is sought only if that party "has appeared in the action"); Local Rule 5-135(d) (excusing parties from serving documents submitted to the court upon "parties held in default for failure to appear"). Plaintiff reported at the hearing on this motion that he had made numerous attempts to contact defendants in an effort to secure their appearance in this action, all without success. See Wilson v. Moore & Associates, Inc., 564 F.2d 366, 368-69 (9th Cir. 1977) ("No party in default is entitled to 55(b)(2) notice unless he has 'appeared' in the action. The appearance need not necessarily be a formal one, i.e., one involving a submission or presentation to the court. In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit."). Out of an abundance of caution, plaintiff nonetheless served the motion on the defendants.

Granting or denying default judgment is within the court's sound discretion, see <u>Draper v. Coombs</u>, 792 F.2d 915, 924-25 (9th Cir. 1986) (citations omitted), and the court is free to consider a variety of factors in exercising that discretion, see <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The court may consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel</u>, 782 F.2d at 1471-72 (citing 6 <u>Moore's Federal Practice</u>, ¶ 55-05[2], at 55-24 to 55-26).

## **ANALYSIS**

According to the complaint, plaintiff has physical impairments of quadriplegia and is a person "with a disability" and a "physically handicapped person" under the ADA. (Compl. at 2.) Plaintiff requires the use of a wheelchair, a "Service Animal," a full-size van with hand-controls and a wheelchair lift and is unable to use portions of public facilities which are not accessible to disabled persons who require use of a wheelchair. (<u>Id.</u>) Furniture 4 U is a furniture store and Sangheras House of Liquors is a convenience store that share a parking lot at 5516/5518 Florin Road in Sacramento, California. (<u>Id.</u>) Defendants Sang T. Huynh, Surinder S. Sanghera and Baljinder K. Sanghera own the property and operate, manage, lease or lease out the business buildings/public accommodations located on that property. The property does not have a van-accessible parking space or an accessible path of travel, an accessible entrance, or accessibility signage and striping. (<u>Id.</u>) In January of 2007, plaintiff attempted to patronize defendants' businesses but was unable to enjoy full and equal access to the goods and services of those public accommodations due to the architectural barriers he encountered. (<u>Id.</u>) In a letter dated January 25, 2007, mailed to the public accommodations and addressed to the landlords and business operators, plaintiff informed defendants of the architectural barriers he had encountered and the lack of accessibility and requested the property be brought into conformity with the law within ninety days. (<u>Id.</u> at 3.) Defendants did not respond. (<u>Id.</u> at 4.) Plaintiff avers that

between January and May of 2008 he made a total of three actual visits to the property, encountering the same architectural barriers, and was required to forego five additional visits to the property in light of those still-existing barriers.[2] (Id.)

In his complaint, plaintiff alleges causes of action under Title III of the ADA and California Civil Code §§ 51 and 52.  He seeks injunctive relief requiring defendants to remove the architectural barriers and provide disabled access to the public accommodations located on the property, damages for each of his visits and foregone visits to the public accommodation pursuant to California Civil Code § 52, and reasonable attorney fees (if incurred) and costs.

Weighing the factors outlined in Eitel v. McCool, 782 F.2d at 1471-72, the undersigned has determined that default judgment against the defendants is appropriate.  Defendants have made no showing that their failure to respond to the complaint is due to excusable neglect.  There is no reason to doubt the merits of plaintiff's substantive claims, nor is there any apparent possibility of a dispute concerning the material facts underlying the action.  Through the instant motion, plaintiff seeks straightforward injunctive relief and a relatively small award of damages in the amount of $4,000 for each of three actual visits to the property at which time he encountered the architectural barriers in question for a total of $12,000.[3]  Plaintiff's complaint is also sufficient.  Because each of these factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be granted.

/////

---

[2] The undersigned questioned plaintiff regarding his actual visits in more detail at the hearing on this motion and confirmed the nature of his allegations.

[3] In his complaint plaintiff also sought the award of reasonable attorney fees, if incurred, and costs of suit.  However, in his pending motion plaintiff stated he was seeking neither attorney fees or costs. (Motion at 4.)  In his motion for default judgment plaintiff did state that based upon the alleged three actual visits and five foregone visits to the property, statutory damages under California Civil Code § 52(a) in the amount of $32,000 were available but that he was seeking a judgment only in the amount of $24,000.  At the hearing on the motion, the undersigned questioned the amount of statutory damages sought.  In response to the court's questioning, plaintiff modified his request for damages to only the three actual visits at $4,000 in statutory damages per visit, for a total of $12,000.

After determining that entry of default judgment is warranted, this court must next determine the terms of the judgment.  Consistent with the allegations and prayer in the complaint, plaintiff seeks the installation of a van-accessible disabled parking space, with an accessible path of travel to an accessible main entrance in compliance with the Americans With Disabilities Act of 1990 (ADA)  and the Americans With Disabilities Act Accessibility Guidelines (ADAAG).  Plaintiff is entitled to the requested injunctive relief.  See Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA -- only injunctive relief is available for violations of Title III.").  Plaintiff also is entitled to the requested total of $12,000 in damages under his state law cause of action based upon his three actual encounters with the unlawful architectural barriers.  See Cal. Civ. Code § 52(a); Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination") (emphasis added).

Accordingly, the undersigned will recommend that the district court grant default judgment as requested.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (Doc. No. 10) filed February 11, 2009, be granted;

2. The district court enter the default judgment of defendants Sang T. Huynh, Surinder S. Sanghera and Baljinder K. Sanghera in favor of plaintiff;

3. Defendants Sang T. Huynh, Surinder S. Sanghera and Baljinder K. Sanghera be directed to install at the subject property a van-accessible disabled parking space, with an accessible path of travel to an accessible main entrance in compliance with the Americans With Disabilities Act of 1990 (ADA) and the Americans With Disabilities Act Accessibility Guidelines (ADAAG).

4. Defendants Sang T. Huynh, Surinder S. Sanghera and Baljinder K. Sanghera be directed to pay plaintiff damages in the amount of $12,000; and

5. Defendants Sang T. Huynh, Surinder S. Sanghera and Baljinder K. Sanghera be directed to comply with the terms of any order adopting these findings and recommendations within ninety (90) days of the date of that order.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Findings and Recommendations."  Any reply to objections shall be filed and served within five days after the objections are served.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 26, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\johnson1189.default.judg